IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SUNCOAST ENVIRONMENTAL )
INTERNATIONAL, INC., a corporation, )
RONALD A. McNEIL, an individual )          CIVIL ACTION
                                     )          FILE NO. 5:04-CV-68-SPM-AK
         Plaintiffs, )
                                     )
vs. )
                                     )
PARADISE ENVIRONMENTAL )
SERVICES, INC., and )
PARADISE ENVIRONMENTAL )
SERVICES EAST, INC., )
                                     )
         Defendants. )

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE
DEFENDANTS' ANSWER AND DEFENSES

COME NOW the Plaintiffs herein, SunCoast Environmental International, Inc. and

Ronald A. McNeil, and show the following in support of their Motion to Strike Defendants'

Answer and Defenses:

INTRODUCTION AND STATEMENT OF FACTS

While this case was pending in the United States District Court for the Northern District

of Georgia, Atlanta Division, Plaintiffs filed their Motion to Compel and for an Award of

Attorneys Fees and Expenses of Litigation on April 28, 2003.  The Motion was necessitated as a

result of the obstructive, willful and dilatory conduct of the Paradise Defendants and their

counsel, which is more specifically set forth in Plaintiffs' Brief in Support of Motion to Compel

and for an Award of Attorneys Fees and Expenses of Litigation filed on April 28, 2003, adopted

and incorporated herein by this reference, and the subsequent Order granting said motion.

Plaintiffs moved to compel the re-examination of Danny Bland, individually and as the

designated representative of the Paradise Defendants, and the production of documents sought in

response to Plaintiffs' Rule 30(b)(5) Request for Production to the Paradise Defendants and

Subpoena Duces Tecum to Danny Bland.   Following an oral hearing, United States District

Court Judge Orinda Evans <u>granted</u> Plaintiffs' motion.  Judge Evans found:

> [T]he Paradise Defendants' failure to produce documents and the
> exclusion of Mr. Brownsell from the deposition [of Danny Bland]
> were not substantially justified, in part because the Paradise
> Defendants agreed to the date, time and location for the
> depositions but failed to file any objections or motions for
> protective order prior to the time at which the deposition was set to
> commence.

See Order dated June 20, 2003.  Judge Evans additionally made the following determination:

> The Paradise Defendants may designate the location of Bland's
> second deposition but must pay any costs incurred by Plaintiffs
> associated with travel to the deposition.   Further, the Paradise
> Defendants are DIRECTED to pay Plaintiffs' attorney's fees in the
> amount of $3758.50, which reflects the fees incurred with respect
> to the motion to compel.

<u>Id</u>.  On or about June 25, 2003, the Paradise Defendants filed a Motion to Reconsider the Court's

June 20, 2003 Order.  In Judge Evans' omnibus order dated March 17, 2004, the Court denied

the Motion to Reconsider.  Notwithstanding the Court's prior Orders, and the repeated attempts

of Plaintiffs' counsel to re-schedule the court-ordered deposition of Danny Bland and to obtain

the document production informally, the Paradise Defendants, to this day, have refused to

comply with that order, and are in willful and contumacious contempt thereof as to payment of

the monetary sanctions awarded, the production of documents ordered, and the rescheduling of

the depositions ordered, authorizing the Court to strike the Paradise Defendants' Answer and

Defenses, and enter a default judgment against them.

<u>ARGUMENT AND CITATION OF AUTHORITY</u>

Federal Rule of Civil Procedure 37 describes the consequences of a refusal to make

discovery.  Paragraph (b) of Rule 37 is entitled **Failure to Comply With Order**, and provides in

part:

> (2)     *Sanctions by Court in Which Action is Pending.*  If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
>> (A)     An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>> (B)     An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>> (C)     An order **striking out pleadings** or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or **rendering a judgment by default against the disobedient party**;
>> (D)     In lieu of any of the foregoing orders or in addition thereto, an order **treating as a contempt of court the failure to obey any orders** except an order to submit to a physical or mental examination;
>> . . .
>
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

FED.R.CIV.P. 37(emphasis added).

Rule 37 confers upon district court judges broad discretion to fashion appropriate

sanctions for the violation of discovery orders.  See Malautea v. Suzuki Motor Co., 987 F.2d

1536, 1542 (11th Cir.1993);  Wouters v. Martin County, 9 F.3d 924, 933 (11th Cir.1993).  The

decision to dismiss a claim or enter default judgment is appropriate only if noncompliance with a discovery order is due to willful or bad faith disregard for that order.  Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir.1986).  Further, Rule 37 sanctions such as dismissal or entry of default judgment are appropriate, where the party's conduct amounts to flagrant disregard and willful disobedience of discovery orders.  Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987).  While a violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment, a willful or bad faith failure to obey does justify such a sanction.  Malautea, 987 F.2d at 1542.

As a result of prior willful misconduct on the part of the Paradise Defendants, Plaintiffs were forced to file a Motion to Compel and for Sanctions against the Paradise Defendants while this matter was pending in the United States District Court for the Northern District of Georgia, Atlanta Division.  After considering the written submissions of the parties and following oral argument, the Court entered an order compelling the Paradise Defendants and their principal, Danny Bland, to sit for a deposition, ordered the production of documents previously requested by Plaintiffs, and awarded monetary sanctions for the misconduct of the Paradise Defendants. See Docket Entries 97 and 102 from the original docket sheet from the Northern District of Georgia, Atlanta Division.

Although Plaintiffs' counsel has repeatedly attempted to re-schedule that court-ordered deposition and document production informally, the Paradise Defendants, to this day, have refused to comply with that Order and are in willful and contumacious contempt thereof.  The Order was entered over a year ago on June 20, 2003, and the Paradise Defendants have never complied with same, whether by sitting for the deposition, producing the documents, or paying the sanctions previously awarded.  Such noncompliance is not the result of simple negligence or

4

a misunderstanding, since the Order is clear and unambiguous on its face.  Further, the Paradise

Defendants are fully capable of complying with the Order, but have elected to flagrantly

disregard same.  The willful failure of the Paradise Defendants to comply with Judge Evans'

Order continues to prejudice the Plaintiffs from obtaining necessary discovery to which Plaintiffs

are entitled in order to prepare their case for trial and complete discovery within the time

scheduled by the Court.

The Paradise Defendants have shown a willful disregard for the Court's Order, and have

acted in bad faith.  Indeed, the Paradise Defendants have already had an order entered against

them compelling the deposition of Danny Bland and the Paradise Defendants, compelling

document production, and sanctioning their prior misconduct, to no avail.  A default sanction

may be proper even when not preceded by the imposition of lesser sanctions.  Malautea, 987

F.2d at 1544.  "When lesser sanctions would be ineffective, Rule 37 does not require the vain

gesture of first imposing those ineffective lesser sanctions."  Id.  Entering an order again

compelling the deposition, compelling document production, or awarding further monetary

sanctions will only serve to further delay this case, which is precisely what the Paradise

Defendants have wanted all along, and will not serve to send the message to the Paradise

Defendants that they cannot simply disregard a solemn order of a federal court.  As a result of

the foregoing, nothing less than a default judgment is warranted.  Malautea, *supra*;  See also

Navarro v. Cohan, 856 F.2d 141, 142 (11th Cir. 1988).

## CONCLUSION

Based upon the foregoing, the Plaintiffs, SunCoast Environmental International, Inc. and

Ronald A. McNeil, request that this Honorable Court enter an Order striking the answer and

defenses of the Paradise Defendants, enter a judgment by default against the Paradise Defendants

in favor of the Plaintiffs, and award Plaintiffs their reasonable expenses, including attorneys fees, caused by the Paradise Defendants' failure to comply with a prior discovery order, together with such other relief as the Court deems just and proper.

Dated this 13th day of August, 2004.

Respectfully submitted,

LAWRENCE E. NEWLIN & ASSOCIATES, P.C.


s/Lawrence E. Newlin_____
Lawrence E. Newlin
Georgia Bar No. 541139

2408 Mt. Vernon Road
Suite 200
Atlanta, Georgia  30338
Telephone:  (678) 587-9000
Fax:  (678) 587-9119

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day served copies of the within and foregoing Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Compel Production of Documents Requested by Defendants' First Document Production Request to All Plaintiffs upon the following parties by regular mail:

> Brian R. Brownsell, Esq.
> 206 French Quarter North
> 4050 Fourth Street North
> St. Petersburg, FL   33703-5734
>
> Lawrence P. Kaplan, Esq.
> Joshua M. Avigad, Esq.
> 101 South Hanley, #1225
> Clayton, MO   63105
>
> James B. Culpepper, Esq.
> Akerman Senterfitt
> 106 East College Avenue
> Suite 1200
> P.O. Box 1877
> Tallahassee, FL  32302-1877

This 13th day of August, 2004.

> <u>s/Lawrence E. Newlin</u>
> Lawrence E. Newlin
> Georgia Bar No. 541139